McKinney, J.
delivered the opinion of the court.
This bill was filed in the chancery court at Nashville, on the 1st day of April, 1848, against the defendant, in his individual capacity, and also as administrator of George M. Deaderick, deceased, to have declared void a decree of this court, and likewise a decree, of the chancery court at Franklin, made in the suit of said George M. Deaderick, for the use of Fielding Deaderick, (the present defendant,) against Andrew Morrison, the present complainant.
There are other matters alleged in the bill,’as to which relief is sought; but we deem it unnecessary to notice them at present.
The chancellor dismissed the bill, and the cause is brought to this court by an appeal in error.
The bill alleges, and the answer admits, that George M. Deaderick died prior to the final decree in said cause, which was made at the April term of the chancery court at Franklin, in the year 1847, in favor of the complainant, for one thousand six hundred and forty-five dollars and sixty-one cents, and which decree, on an appeal to this court, was affirmed at the December term, 1847.
The counsel for the defendant admit the general principle to be correct, that a judgment or decree either in favor of or against a deceased party to a suit, is an absolute nullity. But they insist that the principle is inapplicable to the present case; because, as they contend, George M. Deaderick was a mere nominal party; that the suit was brought for the use of Fielding Deaderick, who had the equitable interest in the subject matter in controversy; and that by the act of 1825, ch. 29, the death of the former, during the pendency of said suit, worked *344 no abatement; and that the latter had the right to prosecute the suit to its final termination, as though such death had not happened.
This position, we think, is untenable, for two reasons: First. The act referred to has no application to courts of equity. It applies exclusively to courts of law: The ancient rule of the common law, that choses in action could not be transferred by assignment, and, consequently, that the right of the assignee would not be protected in a court of law, was never adopted by courts of equity. The latter courts recognized and acted upon the contrary principle, and treated the assignment of a chose in action as in its nature amounting to a declaration of trust, and to an agreement to permit the assignee to make use of the name of the assignor in order to recover the debt or demand.
The act of 1825 was not, however, designed to introduce any new rule of practice, in respect to the mode of bringing suit by the assignee, of a chose in action in a court of law. The ancient rule of the common law had long before been departed from; and the principle had been well established, both in England and the United States, that courts of law would give that protection to the assignee of an equitable interest which, anciently, could only have been obtained in a court of equity. The act had but two objects: First, to, subject the party having the beneficial interest to liability for costs; •and, secondly, to prevent the death of the nominal plaintiff from working an abatement, or requiring the suit to be revived in the name of his personal representative.
Second. The right of George M. Deaderick to file a bill in equity against Morrison, to recover money fraud *345 ulently extorted by the latter from him, under the pretext of a sale ¿of goods, was not such a right as could be assigned.
It is laid down (Story’s Eq. sec. 1040, g.) that “an assignment of a bare right to file a bill in equity for a fraud committed upon the assignor, Will be held void, as contrary to public policy, and as savoring of the character of maintenance.
In the case cited in the note (Prosser vs. Edmonds, 1 Younge and Coll. 481,) Lord Abinger says, that where an equitable interest is assigned, in order to give the assignee a locus standi in a court of equity, the party assigning such right must have some substantial possession, some capability of personal enjoyment, and not a mere right to overset a legal instrument, or to maintain a suit.
This principle is sufficiently explicit, and embraces precisely the present case.
It follows, then, that the assignment being void, no interest passed to Fielding Deaderick; no suit could be maintained by him upon such assignment. The entire interest remained in George M. Deaderick; he alone could maintain a suit; and he must be regarded as sole complainant in the cause. Consequently, upon his death, no further step could have been taken without reviving the suit in the name of his personal representative. The decree of the chancery court in his name, and the decree of this court in affirmation thereof, are, therefore, both absolutely void.
The chancellor’s decree in the present cause will be reversed, and the decree in the former cause, in this court and likewise the decree in the chancery court, will be declared void and of no effect whatever; and *346 said former cause will be reinstated upon the docket of the chancery court, in the same plight and condition in which it stood at the death of said George M. Dead-erick.